UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Bruce Loudenslager,
    Plaintiff

    v.                                    Case No. 19-cv-865-SM
                                          Opinion No. 2019 DNH 144
Hon. Joseph N. Laplante,
United States District Judge, et al.,
    Defendants

**O R D E R**

This matter is before the court sua sponte, for a preliminary review of plaintiff's complaint. For the reasons discussed, the complaint is dismissed for failure to state a viable cause of action. See Fed. R. Civ. P. 12(b)(6). Nevertheless, as provided below, Mr. Loudenslager is granted leave to amend his complaint to cure the deficiencies identified in this order.

**Discussion**

Because the plaintiff, Bruce Loudenslager, has paid the $400 filing fee associated with this action, the screening procedure set forth in 28 U.S.C. § 1915(e)(2) does not apply. Nevertheless, the court has inherent authority to review (and, if appropriate, dismiss) complaints that lack an arguable basis in either fact or law. See, e.g., Mallard v. U.S. Dist. Court

for S. Dist. of Iowa, 490 U.S. 296, 307-08 (1989).  See also Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Mr. Loudenslager is no stranger to pro se litigation in this court.  Prior to filing this action, he has unsuccessfully pursued seven other cases in this forum.  In a representative sampling of those cases, Mr. Loudenslager has sued Clear Channel Communications and a local ABC television affiliate for "torture, harassment and bodily harm from radio frequency and/or microwave targeting," (case no 10-cv-473-JL); Charter Communications for "severe breach of individual rights over the national airwaves and conspiracy to commit murder" (case no. 17-cv-697-JL); Local #131 Plumbers-Steamfitters Union for "theft of pension funds and conspiracy to commit murder by use of CIA agency and its satellites" (case no. 17-cv-698-LM); and the United States Central Intelligence Agency for unlawful surveillance, murder, attempted murder, and satellite torture (case no. 18-cv-1062-JL).  In this action, Mr. Loudenslager has sued, among others, a sitting judge in this district; all employees and agencies of the governments of the United States, Israel, the United Kingdom, and Germany; "private citizens around this planet," "Every Jewish person in the U.S.,"

"television, newspaper, phone, and cable corporations," and the Tropical Haven Mobile Home Park, in Melbourne, Florida.[1]

In his complaint, Mr. Loudenslager lists some of the numerous injuries he says he and his family have been forced to endure over the years. He describes them as follows:

> the disruption of my 7 cases filed with this court which I received no hearing in any of them to resolve my serious issues;
>
> . . . my family and I have suffered continuous harassment, torture, home invasions, murder, stalking, discrimination and defamation of our lives for the past 34 years, 24 hours a day. All of these actions have caused irreversible damage to us physical, psychological and also permanent disabilities to our bodies, such as my already hearing loss;
>
> I have had many attempts on my life in recent years by way of U.S. Government C.I.A. satellites and other ways including a paid for attempt at my VA clinic in Viera, Florida by way of two people with machine guns where Melborne, Florida, police department was involved.

Complaint (document no. 1) at 4.

---

[1] The court has considered whether, because a colleague is a named defendant, recusal is appropriate. It is not. A fully informed, rational observer would not have reason to question the court's impartiality in this matter. See generally Swan v. Barbadoro, 520 F.3d 24 (1st Cir. 2008); Barnett v. Barbadoro, 2009 DNH 132, 2009 WL 2878393 (D.N.H. Sept. 2, 2009).

3

Mr. Loudenslager's general frustration is apparent, but the complaint fails to describe the essential elements of any viable claim against any of the named defendants - a shortcoming that has been identified (and explained) in other cases he has pursued in this court. See, e.g., Loudenslager v. U.S. District Court, No. 18-cv-701-WES, Order of Dismissal (document no. 3) at 3 (D.N.H. Nov. 14, 2018). See also Loudenslager v. Local #131 Plumber-Steamfitter, 2018 WL 2306481 (D.N.H. April 24, 2018). Moreover, because he has previously sued several defendants in this case, many of his claims against them are precluded by principles of res judicata and collateral estoppel, as well as various forms of official/judicial immunity (concepts, again, that have been explained in previous court orders).

Finally, the court undeniably lacks both personal and subject matter jurisdiction (that is, the legal authority) to resolve Mr. Loudenslager's claims against the vast majority of named defendants.

In short, this is simply not the appropriate forum in which to litigate Mr. Loudenslager's claims, such as they are, and, as importantly, the court lacks the legal authority to resolve those claims.

## Conclusion

Because the complaint fails to set forth facts sufficient to give it "an arguable basis either in law or in fact," it is subject to dismissal. Neitzke, 490 U.S. at 325. See also Denton v. Hernandez, 504 U.S. 25, 32-33, (1992); Fredyma v. AT&T Network Sys., Inc., 935 F.2d 368, 368 (1st Cir. 1991); Clorox Co. Puerto Rico v. Proctor & Gamble, 228 F.3d 24, 30-31 (1st Cir. 2000). Accordingly, the complaint is dismissed, albeit without prejudice. As plaintiff is acting on his own behalf, without the benefit of legal counsel, and has paid a substantial filing fee, he may try to amend the complaint to overcome the deficiencies described. On or before October 4, 2019, plaintiff may amend his complaint to set forth the essential elements of a viable claim (or claims) against one or more of the named defendants over which this court may, at least arguably, exercise both personal and subject matter jurisdiction. The court will review any proposed amendment, and, if it is found deficient as well, the complaint will be dismissed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 3, 2019

cc: Bruce Loudenslager, pro se